**Ashwin Ladva, Esq. (SB# 206140)**
**Scott S. Nakama, Esq. (SB# 296732)**
**LADVA LAW FIRM**
530 Jackson Street, Second Floor
San Francisco, CA 94133
T: (415) 296-8844
F: (415) 296-8847
ladvalaw@gmail.com
snakama@ladvalaw,com

Attorneys for Plaintiff Anderson Stokes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON STOKES, <br><br> Plaintiff, <br><br> vs. <br><br> WALGREENS CO., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff Anderson Stokes ("Plaintiff") alleges:

### PRELIMINARY STATEMENT

Plaintiff sues for monetary damages, injunctive relief, et al. under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the California Fair Employment and

Housing Act, California Gov't Code § 12940 *et seq.* (hereinafter "FEHA").  Plaintiff seeks redress for injuries he sustained from Defendants' unlawful acts as alleged.

## JURISDICTION

1. This Court has jurisdiction over the subject matter and the parties under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5 to enforce the ADA, 42 U.S.C. § 12101 *et seq.* and conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 28 U.S.C. § 2201.

2. This action is also brought in diversity between Plaintiff and Defendant, wherein jurisdiction lies under 28 U.S.C. § 1332 as Plaintiff's damages exceed $75,000 and Defendant and Plaintiff reside in different states.

3. This Court has supplemental jurisdiction over the related state claims under 28 U.S.C. § 1367.  Plaintiff's claims pursuant to the FEHA, Cal. Gov't Code §§ 12940(a), (k), (m) and (n) are related, as all of Plaintiff's claims share common operative facts.  Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

## INTRADISTRICT ASSIGNMENT AND VENUE

4. Venue is proper in the United States District Court for the Northern District of California as the unlawful employment practices occurred in Alameda County, California.  28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a resident of California.

6. At all times relevant to this Complaint, Defendant WALGREENS CO. ("Defendant") is a California corporation headquartered in the State of Illinois. Defendant operates a nationwide pharmacy and also specializes in the sale of health and wellness products, photo services, and snacks and drinks.

7. At all times relevant to this Complaint, Defendant was an employer covered by the ADA and the FEHA in that Defendant was engaged in commerce or in an industry affecting commerce who employs 50 or more employees of each working day during each of 25 or more calendar work weeks in the current or preceding calendar year.

## GENERAL ALLEGATIONS

8. Plaintiff is a resident of California. He is disabled because he suffers from a physical disability that substantially limits his ability to perform major life activities, even with mitigating measures. At all relevant times, Plaintiff was in a wheelchair.

9. At all relevant times, Plaintiff was qualified for positions he applied to with Defendant.

**A. February 2020 Position**

10. In approximately December 2019 or January 2020, Plaintiff applied for a Customer Service Association position with Defendant ("First Position"). Plaintiff disclosed his disability to Defendant.

11. On or about February 3, 2020, Plaintiff accepted a job offer from Defendant. Prior to the job offer, Defendant had an in-person interview with him and obviously saw that he was in a wheelchair.

12. Defendant rescinded the job offer.

**B. August 2020 Position**

13.     On or about August 16, 2020, Plaintiff applied for a Customer Service Associate position ("Second Position") with Defendant at a different store than the one that he received the above job offer.   The position was for a store of Defendant located in Berkeley, California.

14.     After speaking with female manager, Defendant scheduled Plaintiff for an interview on or about August 19, 2020.

15.     On or about August 19, 2020, Plaintiff arrived for the interview. When Plaintiff arrived for the interview, he informed a female employee that he was scheduled for a job interview. In response, the female employee told him that she will return with a manager.  A male manager arrived and looked Plaintiff "up and down."  The two then had a conversation about Plaintiff's ability to move without a wheelchair.   Plaintiff said he could walk a few feet with crutches. In response, the male manager asked how long Plaintiff would be in a wheelchair. After Plaintiff responded that he could not give an estimated date or time, the male manager told Plaintiff that Defendant could not accommodate Plaintiff and that Defendant would not hire him.

16.     Plaintiff complained to the female manager that originally scheduled his interview about not getting the job because of his disability.  In response, she told him that she would contact him after investigating his complaint.   Defendant never contacted Plaintiff.

17.     Defendant discriminated against Plaintiff because of his disability and/or perceived disability by not hiring him for the Second Position.  Given that Defendant initially hired him for the First Position with knowledge that he was in a wheelchair, Plaintiff could perform the job for the Second Position as both positions had the same job title and thus, the same and/or substantively similar job duties. Defendant failed to accommodate Plaintiff's physical disability of being in a wheelchair and failed to engage in the interactive process to accommodate him.

**EXHAUSTION OF DISCRIMINATION ADMINISTRATIVE REMEDIES**

18. On March 21, 2021, Plaintiff submitted a signed charge of disability discrimination and related disability claims against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"), EEOC Charge Number 555-2021-00539.

19. On or about April 2, 2021, Plaintiff received a Right to Sue Letter from the DFEH dated April 2, 2021.

20. On or about August 3, 2021, the EEOC served Plaintiff and Defendant with the EEOC Right to Sue Letter.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF CAL GOV. CODE § 12940(a)
### (Disability Discrimination – FEHA)

21. Plaintiff incorporates the allegations of paragraphs 1 through 20 by reference.

22. The FEHA explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation or military and veteran status. CAL. GOV. CODE § 12940(a). "Race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, sexual orientation, or military and veteran status" includes a perception that the person has any of those characteristics or that the person is associated with a person who has, or is perceived to have, any of those characteristics. CAL. GOV. CODE § 12926(o).

23. At all times relevant herein mentioned, Plaintiff was qualified for the Second Position.

24. Defendant was barred from discriminating in its employment decisions in violation of Government Code section 12940(a).

25. As set forth above, Defendant discriminated against Plaintiff based on his disability, and/or perceived disability in violation of Government Code section 12940(a) by failing to hire him.

26. The acts taken toward Plaintiff were carried out by and/or ratified by Defendant and/or managing agents/employees of Defendant acting in an oppressive, fraudulent and malicious manner to injure or damage Plaintiff, justifying an award of punitive damages.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and requests relief as provided.

## SECOND CAUSE OF ACTION
**Failure to Prevent Discrimination in the Workplace**
**(California Government Code § 12940(k))**

28. Plaintiff incorporates the allegations of Paragraphs 1 through 27 by reference.

29. Plaintiff was subjected to disability discrimination by Defendant.

30. Defendant failed to take all reasonable steps to prevent discrimination in its workplace.

31. Defendant had inadequate policies and procedures and/or failed to implement its existing policies and procedures to prevent discrimination in the workplace.

32. As a legal and proximate result of Defendant's failure to take reasonable steps to prevent discrimination in its workplace, Plaintiff has suffered and continues to suffer economic and emotional distress damages.

33. In doing the acts herein alleged, Defendant acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

34. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CAL. GOV. CODE § 12940(n)**
**(Failure to Engage in Interactive Process – FEHA)**

35. Plaintiff incorporates the allegations of Paragraphs 1 through 34 by reference

36. The FEHA requires an employer "to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical disability or known medical condition." CAL. GOV. CODE § 12940(n).

37. As set forth above, Defendant failed to participate in timely, good faith, interactive discussions with Plaintiff for the Second Position.

38. The acts taken toward Plaintiff were carried out by and/or ratified by Defendant and/or managing agents/employees of Defendant acting in an oppressive, fraudulent and malicious manner to injure or damage Plaintiff, justifying an award of punitive damages.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and requests relief as provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CAL. GOV. CODE § 12940**
**(Failure to Accommodate – FEHA)**

40. Plaintiff incorporates the allegations of Paragraphs 1 through 39 by reference.

41. The FEHA requires an employer to reasonably accommodate the known disabilities of its employees. CAL. GOV. CODE § 12940(m).

42. As set forth above, Defendants refused to provide Plaintiff with a reasonable accommodation for his known disability for the Second Position.

43. The acts taken toward Plaintiff were carried out by and/or ratified by Defendant and/or managing agents/employees of Defendant acting in an oppressive, fraudulent and malicious manner to injure or damage Plaintiff, justifying an award of punitive damages.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and requests relief as provided.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §§ 12101 ET SEQ.**
**(Disability Discrimination – ADA)**
**Against Defendant**

45. Plaintiff incorporates the allegations of Paragraphs 1 through 44 by reference.

46. The ADA provides that covered entities may not discriminate against qualified individuals based on disability regarding the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

47. Plaintiff suffers from a disability because he possesses a physical impairment that substantially limit one or more of his major life activities, he has a record of such impairment, or he was regarded as having such impairment.

48. Plaintiff is a qualified individual with a disability who, with or without reasonable accommodation, could perform the essential functions of the Second Position.

49. Defendant discriminated against Plaintiff based on his disability and/or his perceived disability.

50. The acts taken toward Plaintiff were carried out by and/or ratified by Defendant and/or managing agents/employees of Defendant acting in an oppressive, fraudulent and malicious manner to injure or damage Plaintiff, justifying an award of punitive damages.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and requests relief as provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction in this entire matter and:

1. Grant a declaratory judgment that Defendant violated the laws of the United States and the State of California;

2. For a monetary judgment representing compensatory damages including lost wages, earnings, employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

3. For an award of punitive damages;

4. For a monetary judgment for emotional pain and suffering, according to proof against Defendants;

5. For the costs of suit and attorney's fees including attorney's fees under California Code of Civil Procedure § 1021.5, California Government Code § 12965, and 42 U.S.C. §§ 2000e-5, 12117;

6. For prejudgment and post-judgment interest; and

7. For any further relief that is just and proper.

JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: November 1, 2021

          Respectfully submitted,

          Ladva Law Firm

          By:  //ss//Scott S. Nakama//ss//
                Scott S. Nakama

Attorney for Plaintiff<br>
ANDERSON STOKES